UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RANDALL MODD, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:10-cv-337 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| COUNTY OF OTTAWA, et al., | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action brought by a former inmate of the Ottawa County Jail pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed by counsel, alleges deliberate indifference to his serious medical needs while he was a pretrial detainee between October 31 and November 6, 2007. Plaintiff's complaint names as defendants Ottawa County, Ottawa County Sheriff Gary A. Rosema and Lt. Steven Barr (the Jail Administrator), as well as a number of "John Doe" county defendants. Plaintiff also named Secure Care, Inc. and its employees Dr. Ruperto D. Blanco and Nurse Karen Garvey.

On May 14, 2010, defendants Ottawa County, Gary Rosema, and Steven Barr moved to dismiss the original complaint, for failure to state a claim upon which relief could be granted. (docket # 7). Plaintiff filed a brief in opposition to the motion to dismiss (docket # 17) as well as a motion for leave to file an amended complaint (docket # 18) in an effort to cure the defects asserted by the county defendants. The county defendants filed a brief in opposition to the motion to amend (docket # 20) arguing that amendment would be futile, because the proposed amended complaint

(docket # 18-2, ID# 111-24) would continue to state no claim against those defendants. Even though the Secure Care defendants had not moved to dismiss the original complaint, they filed a brief in opposition to the motion to amend (docket # 21), arguing that amendment would be futile because the proposed amended complaint fails to state a claim against Secure Care, Inc. (*Id.* at 3).

On July 9, 2010, I conducted a hearing on all pending motions. I concluded that plaintiff should be granted leave to amend his complaint under the liberal standards of Fed. R. Civ. P. 15(a)(2). I therefore granted plaintiff leave to file the proposed amended complaint. On July 14, 2010, plaintiff filed a first amended complaint (docket # 24). In this report and recommendation, I consider defendants' objections to the merits of the amended complaint as a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, I recommend that the motion to dismiss the amended complaint be granted in part and denied in part.

**Applicable Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at

555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive a Rule 12(b)(6) motion only where the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaints allegations are true." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Supreme Court's recent decision in *Iqbal* emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

129 S. Ct. at 1949. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## **Allegations of Amended Complaint**

The amended complaint, the allegations of which must be accepted as true for present purposes, discloses the following.

On the evening of Tuesday, October 30, 2007, plaintiff Randall Modd was arrested in Muskegon County for assault and battery arising from an alleged domestic violence incident. He was booked into the Muskegon County Jail and appeared in court the next day, where he was given a personal recognizance bond. Plaintiff was not released, however, because of a detainer arising from a probation violation charge then pending in Ottawa County, Michigan. (Am. Compl. ¶¶ 20-21).

At the time of this incident, plaintiff was 51-years-old and suffered from both bipolar disorder and type II diabetes. Plaintiff was taking both psychiatric medication and medication for his diabetes at the time of his arrest. While an inmate at the Muskegon County Jail, plaintiff was allowed to take his prescription medications. He was picked by an Ottawa County Sheriff's deputy on the afternoon of October 31, 2007. The deputy allegedly left plaintiff's medication at the Muskegon County Jail. (Am. Compl. ¶¶ 22-27).

Upon arrival at the Ottawa County Jail, plaintiff was lodged in maximum security. Despite repeated requests by both plaintiff and his wife, plaintiff did not receive any medication from

October 31 to November 6, 2007. (Am. Compl. ¶ 29). Furthermore, plaintiff's blood sugar was never tested and he was not provided a diet suitable for his diabetic condition. (*Id.* ¶¶ 29-30). The lack of prescription medication caused plaintiff's physical and mental condition to deteriorate, and he began to hallucinate and become delusional. (*Id.* ¶ 31).

Plaintiff appeared in court on November 6, 2007. The judge noted plaintiff's bizarre behavior and directed the probation officer to make sure that plaintiff received medical attention. (Am. Compl. ¶ 33). Plaintiff alleges that on the night of November 6, 2007, he was given "some medications," although of an incorrect nature and dosage. (*Id.* ¶¶ 33-34). On November 7, 2007, jail officials sent plaintiff to the Holland Hospital for evaluation. After examination at the hospital, plaintiff was involuntarily committed to the psychiatric unit of Gerber Memorial Hospital in Fremont, Michigan, where he remained until November 15, 2007. At that time, he was returned to the Ottawa County Jail and again placed in maximum security. (Am. Compl. ¶¶ 35-36).

Plaintiff alleges that as a result of the denial of medical and psychiatric care, he is now insulin-dependent and requires more and stronger psychiatric medications, which cause greater side effects. (Am. Compl. ¶ 37). He alleges that at all times from October 31, 2007, through November 7, 2007, "defendants knew plaintiff was diabetic and bipolar and required prescription medication for both." (Am. Compl. ¶ 40). As evidence, plaintiff alleges that his conditions were recorded on the "problem list" maintained by the jail and defendant Secure Care, Inc. on the date of plaintiff's arrival, October 31, 2007. (*Id.* ¶ 42). Plaintiff alleges that the denial or delay of medical care was part of a policy, pattern, or practice of withholding or denying prescription medications and/or a failure to train jail personnel. (*Id.* ¶ 67). In support of this allegation, he asserts that on at

least twelve occasions prior to plaintiff's incarceration, incoming inmates at the jail were denied medications which had been prescribed before their incarceration. (*Id.* ¶ 68).

**Discussion**

**1.**

As a pretrial detainee awaiting adjudication of probation violation charges in the Ottawa County Jail, plaintiff's substantive right to adequate medical care was guaranteed by the Due Process Clause of the Fourteenth Amendment. *See Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009). The Sixth Circuit holds that pretrial detainees are entitled to at least the same treatment under Fourteenth Amendment standards as guaranteed to convicted prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). Both the Eighth and Fourteenth Amendments prohibit deliberate indifference to a prisoner's serious medical needs. *Spears*, 589 F.3d at 254. A prisoner claiming violation of this right must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the objective component, a plaintiff must allege a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2005). To satisfy the subjective component, a plaintiff must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate

indifference standard requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference." *Miller v. Calhoun County*, 408 F.3d at 813 (citations and quotations omitted).

The Ottawa County defendants make a halfhearted argument that plaintiff's allegations do not meet the objective component of a constitutional violation, because plaintiff's type II diabetes was "mild." (Motion to Dismiss, docket # 7, at 7). This argument is meritless. As noted above, a medical condition is objectively serious if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Plaintiff alleges that his conditions had long been diagnosed by physicians and that they were recorded on the jail's problem list at the time of intake (Am. Compl. ¶ 42). Further, he alleges that during the time of his incarceration, his condition "deteriorated progressively, variously described as exhibiting bizarre behavior, delusional, paranoid, not thinking logically, [and] hallucinating." (*Id.* ¶ 31). These symptoms, if true, would have been obvious to jail personnel. He alleges that the seriousness of his condition was obvious to the judge on November 6, such that the judge immediately directed that plaintiff be given medical and psychiatric attention. (*Id.* ¶ 33). The word "mild" does not appear in the amended complaint; rather, this is an unsworn assertion in defense counsel's brief that must be ignored for purposes of a Rule 12(b)(6) motion. Plaintiff's allegations, which must be accepted as true, allege a serious medical need sufficient to comply with the objective standard of the Eighth and Fourteenth Amendments.

**2.**

In addition to alleging the existence of a serious medical need, a complaint must allege deliberate indifference by each defendant. Deliberate indifference requires that the defendant knew of and disregarded a substantial risk of serious harm to plaintiff's health and safety. *Farmer*, 511 U.S. at 835-37; *see Spears*, 589 F.3d at 255. Defendant Lt. Steven Barr, the Jail Administrator, asserts that the allegations of the proposed amended complaint are insufficient to establish the subjective element of deliberate indifference against him. The proposed amended complaint alleged that Barr was in charge of the Ottawa County Adult Correctional Facility and was responsible for hiring, supervising and training employees and for the provision of medical and mental health services to inmates. (docket # 18-2, ¶ 11). Except for that general allegation, plaintiff made no specific allegation concerning the state of Lt. Barr's knowledge of plaintiff's condition, except to allege in conclusory fashion that "all defendants" were aware of plaintiff's medical needs. The amended complaint filed by plaintiff differs from his proposed amended complaint in that defendant Barr's name is removed from the caption and paragraph 11 containing the factual allegations against Barr is deleted. This suggests that plaintiff intended to dismiss Barr as a defendant. However, Barr's name continues to appear in other parts of the amended complaint. (Am. Compl. ¶¶ 65, 72).

Plaintiff's allegations against Lt. Barr are insufficient. There are no specific factual allegations Barr in the amended complaint. Further, the allegations concerning Barr's supervisory role with the jail, found within paragraph 11 of the proposed amended complaint, do not suffice. An individual's liability under 42 U.S.C. § 1983 must be based on direct involvement in unconstitutional conduct. *See Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). A plaintiff cannot premise liability upon a theory of *respondeat superior* or vicarious liability. *Street v. Correction Corp. of Am.*, 102 F.3d

810, 818 (6th Cir. 1996). Therefore, a plaintiff must allege facts plausibly supporting the conclusion that a supervisor was personally involved, or that he otherwise directed, counseled, encouraged, or condoned the action of subordinate employees. *See Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). There must be more than the right to control employees. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Consequently, the allegations concerning Lt. Barr's supervisory role are merely an effort to establish *respondeat superior* liability against him, a result that is precluded by Supreme Court and Sixth Circuit authority.

To support an inference of deliberate indifference, a plaintiff must allege facts showing that a particular defendant both "knew of" and disregarded a serious threat to inmate health. *See Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). The only allegation pertaining to Barr's knowledge is the general assertion that "all" defendants somehow knew of plaintiff's condition and his need for medical help. This sort of vague pleading is precisely the type condemned by the Supreme Court in *Twombly* and *Iqbal*. A complaint does not suffice if it tenders "naked assertions" devoid of factual enhancement. *Iqbal*, 129 S. Ct. at 1949. A plaintiff must make allegations of fact sufficient to state a "plausible" claim, one that rises above a speculative level. *Twombly*, 550 U.S. at 555. The court is not required to accept as true conclusory allegations without supporting details. *See Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1950-51); *accord American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-94 (11th Cir. 2010) (allegation that "each defendant" had requisite knowledge and intent was type of "formulaic recitation" rejected by *Iqbal* and *Twombly*); *Smith v. District of Columbia*, 674 F. Supp. 2d 209, 212-13 (D.D.C. 2009) (same). Plaintiff obviously lacks any evidence sufficient to establish even a plausible claim that Lt.

Barr, who supervises a jail containing hundreds of inmates, was personally aware of the particular medical needs of a single inmate. Plaintiff's contention itself is implausible, in the absence of some indication that word of plaintiff's medical need filtered up through numerous layers in the chain of command all the way to the Jail Administrator. Plaintiff's conclusory allegation that "all" defendants knew of his medical condition, unadorned by any allegation of fact rendering this conclusion to be plausible, is insufficient to establish the subjective element of an Eighth Amendment claim against Lt. Barr.[1]

For the foregoing reasons, I conclude that the amended complaint fails to state a claim against Lt. Steven Barr, as it does not set forth facts that would support a plausible inference that Barr was aware of plaintiff's medical condition and exhibited deliberate indifference thereto.

**3.**

Sheriff Rosema raises the same argument advanced by Lt. Barr: the amended complaint fails to allege facts satisfying the subjective element of an Eighth Amendment violation. The analysis of the claims against Sheriff Rosema follows that applicable to Lt. Barr. First, Rosema may not be held liable under a *respondeat superior* theory arising from his supervisory position. Second, the conclusory allegation that "all defendants" knew of plaintiff's medical condition is

---

[1] Paragraph 11 of plaintiff's proposed amended complaint alleged that Barr was the "ultimate policy maker" for the Ottawa County Jail. This is patently in error. As noted in the next section of this report and recommendation, the ultimate decision maker for a jail under Michigan law may be the county or it may be the county sheriff, but in no event could the jail administrator be the "ultimate" decision maker, as his decisions are always subject to review by the county sheriff, who has the legal obligation to operate the jail. An official is an ultimate policy maker only when his decisions are final and unreviewable, unconstrained by the decisions of superior officials. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). The Sixth Circuit has held that a jail shift commander is not the ultimate policymaker under Michigan law. *Miller v. Calhoun County*, 408 F.3d at 813-14.

insufficient to establish personal liability against Rosema. This conclusory allegation is even more implausible when applied to the county sheriff, who has myriad other responsibilities beyond supervising the jail, including prisoner transport, courtroom security, and road patrol. In the absence of specific facts, the conclusory assertion that the county sheriff was even aware of the existence of a particular prisoner, let alone the prisoner's specific medical needs, is preposterous. Because Rosema is the county sheriff, however, the analysis does not stop at that point.

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local units of government are "persons" subject to suit under 42 U.S.C. § 1983. A municipality's liability, however, may not be based on the mere conduct of its employees. Rather, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of rights. *Monell*, 436 U.S. at 694; *accord Miller v. Sanilac County*, 606 F.3d 240, 254-55 (6th Cir. 2010). In *Pembaur v. Cincinnati*, 475 U.S. 469 (1986), the Court held that a municipality could be liable for the acts of a highly placed official (or "final decision maker") that lead to the deprivation of federal rights. 475 U.S. at 481-83.

Under the *Pembaur* line of authority, a county sheriff may be liable in his official capacity as the final decision maker for the county in matters of jail conduct and administration.[2] A county sheriff is a constitutional officer. MICH. CONST. 1963, art. 7, § 4. The sheriff has charge and custody of the jails of his county and of the prisoners therein. MICH. COMP. LAWS § 51.75.

---

[2] A suit against an officer in his official capacity is equivalent to a suit against the entity employing the officer. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). An official-capacity suit against the county sheriff therefore provides a plaintiff with an alternative legal theory upon which to impose liability upon the county itself, not the sheriff's individual assets. *See Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009); *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005).

Charges and expenses associated with maintaining prisoners are satisfied by the county treasury. MICH. COMP. LAWS § 801.4. On this basis, the Sixth Circuit holds that Michigan county sheriffs enjoy "final policy making authority" over the county's jail under *Pembaur*. *See Miller v. Calhoun County*, 408 F.3d at 814; *accord Gaborik v. Rosema*, 599 F. Supp. 1476, 1478-81 (W.D. Mich. 1984) (Ottawa County Sheriff Rosema is "ultimate repository of county power" with regard to jail).

Accordingly, defendant Rosema is not liable in his individual capacity on a *respondeat superior* theory, nor is the complaint sufficient to show that he personally knew of plaintiff's medical condition and was deliberately indifferent to it. However, the sheriff is the ultimate decision maker for the county in matters of jail administration, and the county is therefore liable for any injury arising from the decisions, customs, and policies of the sheriff, if they result in a violation of a plaintiff's constitutional rights. Therefore, the claims against Sheriff Rosema in his individual capacity should be dismissed, but the claims against him in his official capacity must remain pending.

**4.**

Ottawa County seeks dismissal of the claims against it, arguing that the amended complaint is insufficient to establish municipal liability under *Monell*. Under *Monell* and its progeny, municipalities may not be held liable for their employees' conduct on a *respondeat superior* theory. Liability may only be found against a municipality when its employees have acted pursuant to an official policy or custom. *Monell*, 436 U.S. at 694-95. "It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under

§ 1983." *Id.* at 694. The County asserts that plaintiff has not pleaded sufficient facts to show that the alleged deliberate indifference to his serious medical needs was caused by a policy or custom of Ottawa County.

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court held that the federal courts may not apply a "heightened pleading standard" in civil rights cases alleging municipal liability under *Monell*. The plaintiff in *Leatherman* sought to impose liability for violation of his Fourth Amendment rights arising from allegedly unconstitutional searches by police officers employed by the municipality. The lower courts had imposed a "heightened pleading standard," pursuant to which a complaint could not withstand a motion to dismiss if it was based on the bare allegation that the individual officer's conduct was motivated by official policy, custom or practice. The Court held that plaintiff was not required to allege detailed facts in support of that general allegation. Certainly, *Leatherman* must be read in conjunction with *Twombly* and *Iqbal*, such that allegations of municipal policy or custom must be sufficient to raise a "plausible" inference that officers were acting pursuant to municipal custom or policy. At the pleading stage, however, no more is necessary.

Under this standard, the amended complaint is sufficient. Plaintiff alleges that the existence of a policy, pattern, or practice of withholding or denying prescription medication is evidenced by the fact that plaintiff was denied all prescription medication for a seven-day period. (Am. Compl. ¶ 67). Plaintiff further alleges that on at least twelve occasions prior to plaintiff's incarceration, incoming inmates at the Ottawa County Jail were denied medications which had previously been prescribed for them. (*Id.* ¶ 68). These factual allegations, accepted as true, are

sufficient to meet plaintiff's rather light burden of alleging a plausible claim of a county custom or policy. Further inquiry into this question must await discovery and summary judgment, or trial.

### 5.

Finally, Secure Care, Inc. challenges the sufficiency of the complaint to establish corporate liability. Under Sixth Circuit authority, a private corporation such as Secure Care cannot be held liable under section 1983 on a theory of *respondeat superior*. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *see also Broyles v. Correctional Med. Servs.*, No. 08-1638, 2009 WL 3154241, at * 2 (Jan. 23, 2009). Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. Plaintiff alleges that defendant Secure Care was contracted to provide medical services for the inmates of the Ottawa County Jail. (Am. Compl. ¶ 3). For the same reasons that the allegations of the amended complaint raise a plausible inference that county employees were acting pursuant to official custom or policy, those allegations are sufficient to raise the same inference with regard to the acts and omissions of the medical professionals employed by Secure Care, Inc. at the Ottawa County Jail.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the motion to dismiss of the County defendants (docket # 7), as applied to the amended complaint (docket # 24), be granted in part and dismissed in part as follows:

    A.    The amended complaint should be dismissed against defendant Lt. Steven Barr and against defendant Gary A. Rosema in his individual capacity.

B. The motion should be denied with regard to defendant Ottawa County, Sheriff Gary A. Rosema in his official capacity, and Secure Care, Inc.

Dated: August 4, 2010                    /s/ Joseph G. Scoville
                                         United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).