UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL MODD,

    Plaintiff,

v.

CASE NO. 1:10-cv-337

HON. ROBERT HOLMES BELL

CITY OF OTTAWA, et al.,

    Defendants.

_____/

# **O P I N I O N**

This 42 U.S.C. § 1983 action is before the Court on Defendants' objections (Dkt. Nos. 28, 29) to Magistrate Judge Scoville's August 4, 2010, Report and Recommendation ("R&R") (Dkt. No. 27). Plaintiff's original complaint alleged deliberate indifference to his serious medical needs while he was a pretrial detainee. Plaintiff's complaint named a number of defendants, including Ottawa County and Ottawa County Sheriff Gary A. Rosema (the "Ottawa County Defendants"). Plaintiff also named Secure Care, Inc. ("Secure Care") and its employees Dr. Ruperto D. Blanco and Nurse Karen Garvey (collectively with Secure Care, the "Secure Care Defendants").

The Ottawa County Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. (Dkt. No. 7.) Plaintiff responded, and additionally filed a motion to amend his complaint to which he attached a proposed First Amended Complaint. (Dkt. Nos. 17, 18.) In reply to Plaintiff's response and in response to Plaintiff's

motion to amend, the Ottawa County Defendants renewed their arguments that the original complaint failed to state a claim upon which relief could be granted and argued moreover that the Proposed Amended Complaint continues to fail to state a claim upon which relief could be granted. (Dkt. No. 20.) So too, the Secure Care Defendants opposed Plaintiff's motion to amend on the grounds that the Proposed Amended Complaint would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and they specifically adopt and incorporate the arguments raised by the Ottawa County Defendants in their response. (Dkt. No. 21.)

At a hearing on all pending motions, the Magistrate Judge granted Plaintiff's motion to amend. In the R&R, the Magistrate Judge addresses the substance of Defendants' objections to the merits of the Amended Complaint – specifically, that it fails to state a claim upon which relief can be granted – as motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Magistrate Judge recommends that Plaintiff's First Amended Complaint should be dismissed as to Defendant Gary A. Rosema in his individual capacity.[1] (R&R 14.) The Magistrate Judge further recommends that the motions

---

[1] The Magistrate Judge also recommends that the amended complaint be dismissed as to Lt. Steven Barr, who was named as a defendant in the original complaint. As noted in the R&R, Barr's name was removed from the caption of the amended complaint and it appears that Plaintiff intended to dismiss Barr as a defendant. (R&R 8.) The Court agrees, Plaintiff has not objected, and, indeed, the Court's docket reflects that Lt. Barr was terminated on July 24, 2010. To the extent that there is any lingering question as to the matter, the Court has reviewed the matter, concludes that the R&R makes a sound recommendation, and will dismiss Lt. Barr as a defendant in this case.

2

to dismiss should be denied as to Ottawa County, Sheriff Rosema in his official capacity, and Secure Care. (R&R 15.) The R&R makes no recommendation regarding Defendants Blanco and Garvey.

Both the Ottawa County Defendants and the Secure Care Defendants have objected. (Dkt. Nos. 27, 28.) The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

## II. Ottawa County Defendants

The Ottawa County Defendants object to Section 4 of the R&R, wherein the Magistrate Judge concludes that the "factual allegations [of the Amended Complaint], accepted as true, are sufficient to meet plaintiff's rather light burden of alleging a plausible claim of a county custom or policy." (Ottawa Cty. Obj. 2; R&R 13-14.) The Ottawa County Defendants assert that Ottawa County admitted 41,971 inmates during the period in which Plaintiff alleges that "[o]n at least twelve occasions . . . incoming inmates at the Ottawa County Jail were denied medications which had been prescribed prior to their incarceration . . . ."[2] (Ottawa Cty. Obj. 2; Am. Compl. ¶ 68.) The Ottawa County

---

[2] Defendants request that the Court take judicial notice of the number of inmates – 41,971– admitted to Ottawa County Jails during a five year period. The Court declines to do so. The number of inmates admitted to a county's jails is neither generally known within this Court's territorial jurisdiction nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

3

Defendants further assert that these and other of Plaintiff's allegations are insufficiently "constant" and "widespread" to constitute a custom and policy on the part of the County, and they object on that basis. (Ottawa Cty. Obj. 2-3.)

As the Magistrate Judge correctly noted in the R&R, Plaintiff's burden at this stage is relatively light. (R&R 14.) Balancing the Supreme Court's refusal to impose a heightened pleading standard in civil cases alleging municipal liability, *see Leatherman v. Tarrant Cty. Narcs. Intell. & Coord. Unit*, 507 U.S. 163 (1993), with its holdings in *Twombly* and *Iqbal*, the Magistrate Judge held that at the pleading stage, a plaintiff need do no more than to raise a plausible inference that officers were acting pursuant to municipal custom or policy. (R&R 13.) The Court agrees.

The Court also agrees that Plaintiff has met that burden. (*See id.*) Plaintiff has alleged that Ottawa County officers knew of his need for prescription medications (*id.* at ¶¶ 29, 40, 41-49), that they had ready access to those prescription medications (*id.* at ¶ 27), and that they denied him those prescription medications (*id.* at ¶ 29) despite his readily observable need for them (*id.* at ¶ 33) and their recognition of his need (*id.* at 32). Plaintiff has also alleged that Ottawa County has a practice of proceeding in this manner. (*id.* at ¶¶ 50, 68.) In short, Plaintiff's allegations, accepted as true, satisfy his burden of alleging

a policy or custom.³,⁴  The objection will be overruled.

### III. Secure Care Defendants

As an initial matter, the Secure Care Defendants object to the characterization of their filing as a motion to dismiss. (Secure Care Obj. 2.)  They assert that they "never filed" such a motion. (*Id.*)

While it is true that the Secure Care Defendants never filed any document labeled "Motion to Dismiss," their Response to Plaintiff's Motion to Amend provides the substance of a motion to dismiss.  In any case, if they had not moved to dismiss for failure to state a claim upon which relief can be granted before the R&R, Defendant Secure Care has now. The Secure Care Defendants' Objections to the R&R end with a request: "[t]he First Amended Complaint should be dismissed against Defendant Secure Care, Inc." (Secure Care Obj. 4.)  This is a request to the Court, and it is not a pleading.  Under Federal Rule of Civil Procedure 7, it is thus necessarily a motion.  It is a motion which, by its terms, requests that this Court dismiss a complaint for failure to state a claim upon which relief can be granted.  Under the Federal Rules of Civil Procedure, such a motion is governed by Rule 12(b)(6). Indeed, that appears to have been the Defendants' intent – Defendant Secure Care

---

³Alternatively, Plaintiff's allegations, accepted as true, could also support a theory that, while Ottawa County has a policy of providing prisoners with their prescription medications, Ottawa County officers regularly and systematically violate that policy.

⁴No defendant has argued that such a policy or custom, if it exists as Plaintiff alleges, would be appropriate or that it would be an insufficient basis for a constitutional claim under 42 U.S.C. § 1983.

has moved to dismiss, while Defendants Blanco and Garvey have reserved their rights to do so in the future. (Secure Care Obj. 4.) As the Magistrate Judge makes no recommendations regarding Defendants Blanco and Garvey, the Court will accede to the Defendants' proposed reading: Defendant Secure Care moves to dismiss; Defendants Blanco and Garvey do not.[5]

That said, Defendant Secure Care's motion to dismiss will be denied for the reasons stated by the Magistrate Judge; reasons which reflect the Court's denial of the Ottawa County Defendants' motion to dismiss. Defendant Secure Care relies on the same grounds raised by the Ottawa County Defendants in both their motion and their objections. As with the Ottawa County Defendants, Plaintiff's allegations, accepted as true, satisfy his burden of alleging a policy or custom on the part of Secure Care, Inc.

Defendant Secure Care additionally moves to dismiss on a ground not addressed by the Magistrate Judge. It asserts that

> Plaintiff has never alleged that Defendant Secure Care, Inc. was involved in [the twelve previous alleged similar incidents], that they occurred while Secure Care, Inc. was providing care, or that this Defendant was ever aware of these incidents. There are no allegations that suggest there is any factual basis for the conclusion that Defendant Secure Care, Inc. was acting pursuant to official custom or policy. There is no factual allegation that Defendant Secure Care, Inc. was ever involved in the previous 12 incidents.

(Secure Care Obj. 2-3.)

---

[5] As noted, Defendant Blanco attempts to reserve the right to file a future motion to dismiss the individual claims against him. Without deciding the matter or prejudicing any future decisions, the Court notes that Defendant Blanco has already filed an Answer to the Amended Complaint. (Dkt. No. 25.) This act usually precludes later moving to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b).

With reference to the twelve similar incidents alleged in the Amended Complaint, Defendant Secure Care appears to be correct – there is no specific allegation that Defendant Secure Care was involved with any of them. This does not, however, defeat Plaintiff's claim against Defendant Secure Care. There is no claim against Defendant Secure Care for those previous alleged incidents; the allegation on which Plaintiff rests his complaint is that *Plaintiff's* ill-treatment occurred pursuant to a Secure Care custom or policy. As noted above, Plaintiff's allegation regarding the existence of such a custom or policy meet the threshold plausible inference standard based on a number of factors, and does not depend solely, or even in large measure, on the twelve alleged previous incidents. The Court finds that Plaintiff meets his "relatively light" burden even absent the allegations of the twelve previous incidents. The motion to dismiss will be denied.

## IV. Conclusion

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. An order consistent with this opinion will be entered.

Dated: February 23, 2011                             /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE