UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL MODD,

       Plaintiff,

                                  Case No. 1:10-CV-337

v.

                                  HON. ROBERT HOLMES BELL

COUNTY OF OTTAWA, et al.,

       Defendants.
                                    /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

On August 24, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment (Dkt. Nos. 131, 133) be granted and final judgment be entered in their favor. (Dkt. No. 193.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 195.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

First, Plaintiff objects that the Magistrate Judge impermissibly resolved factual

disputes and drew inferences in favor of the Defendants.  In particular, Plaintiff argues that the R&R did not draw the proper inference from the evidence that Defendant Karen Garvey did not verify or obtain Plaintiff's medications at the end of her shift.  However, the R&R noted that it was undisputed that Garvey did nothing that night to retrieve the medicine. (Dkt. No. 193, at 10.)  It explained that, because of time constraints, Garvey left that task for the morning shift: "Given the lateness of the hour (after 10:00 p.m.), no rational trier of fact could fault Garvey, under any standard of conduct, for failing to verify plaintiff's medications instantly or for failure to retrieve his psychotropic medications from Muskegon County Jail." (*Id*. at 18.)  This was not an unreasonable inference and was supported by all of the evidence available.  Plaintiff offered no evidence that Garvey's failure to instantly verify Plaintiff's medication was criminally reckless.  Indeed, Garvey took reasonable steps to ensure the medication would be verified first thing in the morning.  No jury could have found those steps to constitute deliberate indifference.  It is not reasonable to expect her to have dispatched a deputy to another county jail in the middle of the night.  As the R&R correctly noted, Garvey was a medical assistant only tasked with performing an initial screening, which she did.

Plaintiff also contests the fact that the R&R pointed out that Garvey only appeared at two points in the narrative.  However, Plaintiff's argument is that the R&R ignored the fact that Garvey also worked on the two days following the initial screening.  That is irrelevant to a deliberate indifference analysis because there was no evidence whatsoever that Garvey

was involved in Plaintiff's care on those two dates. No jury could find that the mere fact that Garvey was at work on those days constitutes deliberate indifference towards Plaintiff.

Last, Plaintiff contests the R&R's "inference" that he could have asked his wife to bring his medications to him. Plaintiff is referring to a footnote. (Dkt. No. 193, at 22 n.3.) Even if this footnote drew such an inference, it did not affect the Magistrate Judge's conclusion that Garvey was not deliberately indifferent. The footnote, including the statement that Plaintiff could have asked his wife to bring his medicine, illustrated the fact that the Constitution only provides the duty to provide medical care because prison cuts off inmates' access to outside care. Ottawa County policy allowed family members to bring prescriptions to pretrial detainees, a fact the Magistrate Judge noted to make the point that Garvey's failure to retrieve the medication might not even be actionable under the Constitution. Nevertheless, after pointing this out, the R&R stated that "[i]t is not necessary to resolve this issue." (*Id.* at 23 n.3.) This was because the R&R assumed for the purpose of argument that the failure to retrieve the medication was actionable. However, it concluded that, even if such a failure was actionable, Garvey's actions were not deliberately indifferent (*Id.* at 22-25), a conclusion that was not affected by any inferences in the footnote.

Second, Plaintiff objects to the Magistrate Judge's conclusion that he offered insufficient evidence for a jury to find that Garvey was deliberately indifferent to his known need for medication and the known risk of serious harm if he was deprived of that medication abruptly. The facts clearly demonstrated that when an initial screener is finished screening

an inmate near the end of a shift, the task of verifying and retrieving medication is routinely left to the next shift. That is exactly what Garvey did, and Plaintiff presented no evidence whatsoever that Garvey's behavior was criminally reckless. The prison received the prescription the next day, November 1. Plaintiff offered no evidence connecting Garvey, who was not involved in Plaintiff's care following the initial screening, with the jail's subsequent failure to fill the prescription until November 5. There was no evidence that Garvey knew the prescription had not been filled. Contrary to Plaintiff's contention, the fact that he filed a kite about the medications on November 1 that was eventually answered by Garvey on November 7 is not evidence that she was aware of the complaints made in that kite on November 1. Thus, the Magistrate Judge's conclusion that there was insufficient evidence was correct.

Third, Plaintiff objects to the Magistrate Judge's conclusion that there was no corporate or municipal liability. "A plaintiff's failure to demonstrate a constitutional harm defeats municipal liability." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012). A plaintiff must show that a particular employee violated his constitutional rights as a prerequisite to municipal liability. *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001). Thus, Plaintiff's failure to show that any particular employee was deliberately indifferent dooms his argument, as the R&R correctly found. He cannot try his case against the corporate defendant without showing a constitutional violation by an employee of the corporation. The fact that Plaintiff has shown a six day delay in receiving his medication is

not a constitutional violation in and of itself because there is no affirmative obligation to provide all desired medical care. Instead, Plaintiff is required to show deliberate indifference, which involves a subjective component – a culpable state of mind by a human. Because Plaintiff failed to show a culpable state of mind by any particular employee, the Magistrate Judge was correct to dismiss the municipal liability claim "as a matter of law." (Dkt. No. 193, at 37.)

Fourth, Plaintiff objects that the Magistrate Judge misapprehended the nature of SecureCare's policies. To begin with, this argument cannot be a basis for relief, because, as just noted, the Magistrate Judge correctly found that "plaintiff cannot recover against SecureCare 'as a matter of law,' because he has failed to show that any employee was deliberately indifferent to his medical needs." (*Id.*) Plaintiff's objection does not refer to the section of the opinion that resulted in that conclusion, but instead refers to a section *after* that conclusion that the Magistrate Judge wrote "for the sake of argument." (*Id.*) That means that even if the Magistrate Judge erred in the section objected to (*Id.* at 37-43), it did not affect the disposition of the case.

Moreover, the Magistrate Judge's analysis on municipal liability in that section was correct. Essentially, Plaintiff is arguing that the Magistrate Judge conflated the "filling" of prescription medicines with the "distribution" of prescription medicines when he discussed a particular SecureCare policy. Plaintiff contends that the sufficiency of a policy regarding the distribution of medications has no bearing on the sufficiency of a policy regarding the

5

procurement of medications. But the Magistrate Judge was only addressing this policy to show that SecureCare's policies were not ambiguous. Plaintiff's theory did not rest on the interpretation of that policy or any other SecureCare policy. Instead, his argument was that SecureCare should be liable under a failure to train/inaction theory.

Therefore, even if the Court accepts the distinction between filling and distribution as true, to succeed under the inaction theory Plaintiff still had to show (a) a clear and persistent pattern of constitutional violations by employees of SecureCare, (b) notice or constructive notice on the part of SecureCare, (c) tacit approval of unconstitutional conduct by SecureCare, and (d) that SecureCare's failure to act was the motivating force behind the unconstitutional conduct. *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Plaintiff failed to meet any of these factors, most importantly because he failed to show a persistent pattern of constitutional violations by SecureCare employees and failed to show that any deficiencies by these employees in the filling or distribution of medicine were so obvious or persistent that SecureCare should have been aware of them. (Dkt. No. 193, at 41-43.) Thus, the Magistrate Judge was correct to find that SecureCare was entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the August 24, 2012, R&R (Dkt. No. 193) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 131, 133) are **GRANTED**.


Dated:  November 2, 2012                             /s/ Robert Holmes Bell
                                                                                       ROBERT HOLMES BELL
                                                                                       UNITED STATES DISTRICT JUDGE